**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,

Debtor.

No. 98-1586

RIELA SCHWALM,
Claimant-Appellant,

v.

DALKON SHIELD CLAIMANTS TRUST,
Trust-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge;
Blackwell N. Shelley, Bankruptcy Judge.
(CA-85-1307-R)

Submitted: October 30, 1998

Decided: November 23, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Riela Schwalm, Appellant Pro Se. Orran Lee Brown, Sr., DALKON
SHIELD CLAIMANTS TRUST, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Riela Schwalm elected to resolve her Dalkon Shield claim through binding arbitration. The arbitrator found that Schwalm's claims of harm resulting from use of the Dalkon Shield lacked merit and that, in any event, her claims were barred by the applicable limitations period. Schwalm moved in the district court to vacate the arbitration decision. The district court denied the motion, and Schwalm appeals.

Our review of the denial of a motion to vacate an arbitration decision is extremely limited. See Kiernan v. Piper Jaffray Cos., 137 F.3d 588, 594 (8th Cir. 1998). We review the district court's findings of fact for clear error and its conclusions of law de novo. See First Options of Chicago, Inc., v. Kaplan, 514 U.S. 938, 947-48 (1995). Here, we find no error in the court's conclusion that Schwalm did not demonstrate circumstances constituting a ground for vacating the arbitration decision. See Arbitration Rule 44(a).

In electing arbitration, Schwalm agreed to be bound by the First Amended Rules Governing Arbitration. Rule 40(a) requires that "[e]very Dalkon Shield claim that proceeds to arbitration . . . shall be brought within three years from the date the cause of action accrues." A cause of action accrues "when the claimant discovers or reasonably should have discovered her injury and that her injury may have been caused by the Dalkon Shield. . . . A claimant is deemed to have discovered his or her injury when he or she has discovered some form of injury, not the fullest manifestation or the permanency thereof." Arbitration Rules 40(b), (c).

Schwalm was inserted with the Dalkon Shield in 1972. She reported to her doctor that she had spontaneously expelled it some time prior to April 25, 1979. She complained at the time of uterine tenderness, but asked that another intrauterine device (IUD) be

2

inserted. Her physician inserted another type of IUD. Within a week, Schwalm returned to her physician complaining of a very tender uterus and pelvic cramps. The doctor removed the IUD and told Schwalm to consult with a gynecologist to determine why her uterus contained scar tissue.

Schwalm therefore was on notice of some form of injury, and her cause of action had arisen, by May 1979. Yet she delayed until after the Robins bankruptcy action was instituted to file a claim that the Dalkon Shield had injured her. The action clearly was barred by the three-year limitations period of Arbitration Rule 40(a).

Schwalm's claims that the Trust tampered with evidence is wholly unsupported. The arbitrator was not, as Schwalm contends, required to consider the Trust's final settlement offer as evidence of, or an admission of, causation or liability. See Arbitration Rule 32(g). Finally, the arbitrator did not abuse his discretion in failing to postpone the hearing so that Schwalm's expert witness could testify at the hearing. Schwalm did not identify this witness or give a proffer of the witness' expected testimony, as required by Arbitration Rule 16.

The district court's findings of fact were not clearly erroneous, and its legal conclusions were correct. Schwalm did not make the showing required to vacate the arbitrator's decision. We therefore affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3